# IN THE COURT OF APPEALS OF IOWA

No. 14-1829
Filed April 27, 2016

**EVAN CASEY MORAN,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Monica L. Ackley, Judge.

An applicant appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., Potterfield, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VOGEL, Presiding Judge.**

Evan Moran pled guilty to delivery of marijuana within 1000 feet of a protected area in 2010. The trial information established Moran met with Dustin Hampton, a close friend who was working as a confidential informant, and sold Hampton marijuana for $1200.00. It only cost Moran $700 to obtain the marijuana, and Moran asserts he only agreed to sell the drugs because of the enormous profit. Following the guilty plea, Moran was granted a deferred judgment and probation. After two probation violations and the revocation of his deferred judgment, he filed a postconviction relief (PCR) application. He claims his trial counsel was ineffective in failing to assert the defense of entrapment based on his close relationship with Hampton and based on the enormous profit he could make. He claims his plea was uninformed because he was not made aware of the potential defense. He asserts he suffered prejudice because the defense would likely have been successful at trial.

The PCR court denied this claim, finding there was no viable entrapment defense in this case because "there was no excessive incitement, urging, persuasion, or temptation." The court noted, in the audio recording of the transaction, Moran admitted to selling marijuana in the past for forty dollars per bag, indicating Moran was not a law-abiding citizen who was enticed to do something he would not ordinarily do. The court also noted Moran saw a quick way to gain a cash advantage; his will was not overpowered by a friend. Because Moran failed to meet his burden to prove his attorney failed to perform an essential duty, the court denied Moran's ineffective-assistance claim.

3

"Entrapment may occur 'when a law enforcement agent induces the commission of the offense, using persuasion or other means likely to cause law-abiding persons to commit it.'" *State v. Babers*, 514 N.W.2d 79, 83 (Iowa 1994) (citation omitted). Law enforcement is prohibited from making "extreme pleas of desperate illness, appeals based primarily on sympathy, pity, or close personal friendship, and offers of inordinate sums of money." *Id.* But "merely providing the opportunity or the facilities for the commission of a crime does not constitute entrapment." *Id.* "[E]ntrapment must involve the use of excessive incitement, urging, persuasion, or temptation by law enforcement agents." *Id.* An objective test is used for the defense of entrapment, and the defendant bears the burden to generate a fact issue on the question of entrapment. *Id.*

To prove ineffective assistance of counsel, Moran must establish counsel failed to perform an essential duty and this failure resulted in prejudice. *See State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015). Our review of this claim is de novo. *Id.* at 168. Upon our review of the record, we agree with the district court that Moran failed to prove his attorney was ineffective in not pursuing the defense of entrapment. The facts of the case, as contained in Moran's PCR testimony, do not rise to the level of generating a fact question on the defense of entrapment.

It is Moran's assertion that the defense of entrapment is applicable to him because the "excessive profit" potential and the personal relationship he had with Hampton induced him to sell the marijuana. However, Moran admitted during his testimony at the PCR hearing that he set the price for the sale, thus setting his own profit margin. Thus, it was not Hampton's offer of an excessive profit margin

that incited or persuaded Moran to arrange the sale. Moran admitted that nothing Hampton did induced him to make the sale; Moran simply knew he could make $500 with little effort. Moran stated he took advantage of the fact that Hampton was not from the area and thus would not know the street value of the drugs. Moran also admitted neither Hampton nor his defense counsel knew how much money he made for facilitating the sale.

Because Moran did not prove that counsel breached an essential duty when counsel failed to pursue the defense of entrapment, Moran's ineffective-assistance claim fails. *See id.* at 169 (noting a defendant's failure to prove either prong of an ineffective-assistance claim will preclude relief). We affirm the district court's denial of Moran's PCR application.

**AFFIRMED.**